```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,     )
                              )
            Plaintiff,        )         4:07CR3169
                              )
      v.                      )
                              )
MARVIN O. MEZA,               )         MEMORANDUM AND ORDER
ANA C. CALIX,                 )
                              )
            Defendants.       )
```

Defendant Ana C. Calix has moved to sever her trial from that of co-defendant, Marvin O. Meza. Filing 43. Calix and Meza were married and residing together in Grand Island, Nebraska during the time period relevant to the pending indictments. Filing 44 (Calix affidavit). Defendant Calix argues that the defendants' trial must be severed because defendant Meza possesses critical and exculpatory evidence important to Calix' defense, but he will not provide this exculpatory testimony on Calix' behalf unless the trials are severed. If the trial is not severed, defendant Meza will assert his Fifth Amendment right not to testify. Filing 45 (Meza affidavit).

Joinder of counts in an indictment is governed by Rule 8 of the Federal Rules of Criminal Procedure which provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or

>transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Crim.P. 8.

However, even when joinder is proper under Rule 8, pursuant to Rule 14 of the Federal Rules of Criminal Procedure a judge may order severance if joinder at trial will prejudice the defendant. <u>United States v. Wadena</u>, 152 F.3d 831, 849 (8th Cir. 1998). Rule 14 provides:

>If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

Fed. R. Crim. P. 14.

The defendants have been jointly indicted under 21 U.S.C. §§ 841(a)(1) and (b)(1) for distributing and possessing with intent to distribute 50 grams or more of methamphetamine. Filing 1 (indictment), Count I. The indictment also alleges a forfeiture claim against defendants Calix and Meza to recover the proceeds of and the property used to carry out defendants' alleged illegal drug activities. Filing 1 (indictment), Count IV.

The indictment alleges defendants Calix and Meza were both involved and participated in the same illegal drug activity.

> [D]efendants who are jointly indicted on similar evidence from the same or related events should normally be tried together. . . .  [T]o warrant severance a defendant must show "real prejudice," that is, "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately."

United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004)(quoting United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993)(citing United States v. Adkins, 842 F.2d 210, 211-12 (8th Cir.1988)).

A defendant can prove real prejudice to her right to a fair trial by showing that either her defense is irreconcilable with that of the co-defendants, or that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.  Mickelson, 378 F.3d at 817 (citing United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003); United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995).  However, "[s]everance is not required merely because evidence that is admissible only against some defendants may be damaging to others."  Mickelson, 378 F.3d at 817.  A motion for severance may be denied even though the defendant argues that "not every joined defendant has participated in every offense charged," or that "there is varying strength in the evidence against each defendant."  United States v. Lee, 374 F.3d 637, 646 (8th Cir. 2004)(internal citations omitted).  When such concerns are raised, "[t]he risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions."  Mickelson, 378 F.3d at 817.

Defendant Calix has provided no specific explanation of what exculpatory evidence defendant Meza would or could offer at her trial, or the magnitude or importance of this evidence in undermining the government's case.  As argued by the government, defendant Calix has failed to meet her burden of proving severance of the trials is warranted.  Specifically, she "has failed to show that Meza's testimony would actually be exculpatory or that she would be prejudiced by a joint trial."  Filing 47 (government's brief), p. 5.

Based on the evidence before me, I cannot conclude that trying Calix and Meza in a single trial will prejudice defendant Calix.

IT THEREFORE HEREBY IS ORDERED:  Defendant Calix' Motion to Sever, filing 43, is denied.

DATED this 26th day of February, 2008.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

4